## Lysle et al. v. Borushko et ux.

*Harry E. Richter* and *Waldo P. Breeden,* for plaintiffs.

*Irving Sikov,* for defendants.

THOMPSON, J., June 1, 1950.—This case began with the entry of judgment on a judgment note at the above number and term against defendants in the sum of $446. On a petition to open up the judgment, this court on January 17, 1950, made an order containing, inter alia, the following:

". . . the court being of the opinion that the testimony taken in support of the rule to open this judgment raises sufficient issues on the execution by defendants of the note upon which judgment was entered and of sufficient performance of the work specified in the contract allegedly connected therewith, it is hereby ordered that the rule to open the judgment is made absolute, . . ."

Defendants then filed an answer in which they denied that they had signed, sealed and delivered the note upon which judgment was entered, but did aver that they had on the same date entered into a written contract with plaintiffs involving the performance of certain work and this contract is attached to the answer and marked exhibit A. In substance the contract referred to provides for the payment by defendants of $659, $259 upon the signing of the contract and $400 on completion of the work.

Plaintiffs then on motion secured a rule upon defendants to show cause why defendants' answer to plaintiffs' declaration on a judgment, new matter, counterclaim and set-off should not be stricken off for the reasons and causes set out in the motion. The latter rule is now before us.

Counsel for both plaintiffs and defendants have displayed considerable dialectical skill in presenting and discussing a considerable number of questions and both

have appealed to the new Rules of Civil Procedure. Plaintiffs in the statement of questions of law involved and statement of the facts have stated three questions, which we will quote and discuss in the order in which they are named.

"I. Is plaintiffs' motion to strike off defendants' answer to the declaration on which judgment was confessed against defendants a proper and appropriate pleading under Rule 1017(*b*) (2) of the Rules of Civil Procedure, which provides (under 'Pleadings'). '. . . A motion to strike off a pleading because of lack of conformity to law or rules of court . . .'? And if so, should not the answer be so stricken off?"

Defendants in their answer to the rule to show cause have conceded, as we understand it, certain minor irregularities in connection with their answer and have asked leave to amend and in paragraph 9 seek this right of amendment under rule 1028(*c*) of the Rules of Civil Procedure. We think defendants should be granted their prayer to amend in the particulars set forth in their answer to the rule.

"II. Is the defense by way of a counterclaim claiming an excess for consequential damages in excess of plaintiffs' judgment permissible?"

This question raises what we assume from plaintiff's supplementary brief is the chief question now involved and broadly our conclusion on this question is in favor of plaintiffs. While defendants in their answer have set up what they call new matter, counterclaim and set-off, it seems to us that what defendants are really seeking to do by way of defense is to claim what is stated in 4 Standard Pa. Practice, 414, as "Recoupment" and which Standard Pa. Practice describes as follows:

"§ 2. Definitions and Distinctions. Recoupment is the act of rebating or recouping a part of a claim upon which one is sued by means of a legal or equitable right resulting from a counterclaim arising out of the same

transaction. It is the right of the defendant to claim in the same action damages from the plaintiff, either because he has not complied with some cross obligation of the contract upon which he sues, or because he has violated some duty which the law imposed upon him in the making or performance of that contract, corresponding with reconvention under the civil law.

"A set-off is a counter demand which the defendant holds against the plaintiff, arising out of a transaction extrinsic of the plaintiff's cause of action, the object of which is to liquidate the whole or a part of the plaintiff's demand according to the amount of the set-off; it is in the nature of a cross action. . . .

"Recoupment differs from set-off and counterclaim in this respect—namely, that any claims or demand the defendant may have against the plaintiff may be used as a set-off or counterclaim, whereas it is not a subject for recoupment unless it grows out of the very same transaction which furnishes the plaintiff's cause of action. Recoupment goes to the justice of the plaintiff's claim, and no affirmative judgment can be had thereon. In both set-off and counterclaim, the defendant may recover any excess in his favor."

Defendants claim that plaintiffs have failed to complete the work, which it has contracted to do and that it would now cost defendants $400 to complete this performance. It seems to us obvious, therefore, under the pleadings that the most defendants can secure if they are able to make good their defense is to come out of this proceeding with a clean slate and without any affirmative judgment against plaintiffs in any sum whatsoever.

Defendants in setting up their defense must first set up the contract upon the breach of which they rely, and what we might call their claim of recoupment does not exceed the balance due upon the contract, but is exactly the same. With the scope of the defense thus

restricted, it seems to us that the parties are in a position to now try this case on its merits without any further pleadings.

"III. Should defendants be permitted to violate the requirement that notice to reply to counterclaim in the nature of new matter must be endorsed on the answer; and also allowed to disregard the requirement to certify that copy of pleading served on plaintiffs' counsel is a true and correct copy of the original filed?"

We understand in their answer to the rule in paragraph 10 that defendants now agree to cure these defects.